IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTIAN HAMILTON,

           Plaintiff,

v.                                       CIVIL ACTION NO. 2:20-cv-00368

CORRECTIONAL OFFICER RYAN HILL, et al.,

           Defendants.

MEMORANDUM AND OPINION ORDER

Pending before the court is Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss. [ECF No. 5]. For the reasons that follow, the Motion is **GRANTED in part and DENIED in part.**

I.    Background

Plaintiff Christian Hamilton is a resident of West Virginia who was incarcerated at the Northern Correctional Facility. Plaintiff was no longer incarcerated at the time he filed his Complaint. Defendant West Virginia Division of Corrections and Rehabilitation ("WVDOCR") is the state agency that employed the individual defendants, Correctional Officers Ryan Hill and Allen Cooley.

As alleged in the Complaint, while Plaintiff was an inmate at Northern Correctional Center, Defendant Hill pepper sprayed Plaintiff directly in the face with OC Spray, without any just cause, after they had argued about Plaintiff talking to

another inmate. Compl. [ECF No. 1-1] ¶ 7. Defendant Hill made no efforts to temper prior to spraying Plaintiff in the face and upper body. *Id.* After spraying Plaintiff, Defendant Hill asked Plaintiff to walk towards the door; Plaintiff complied and was pepper sprayed again. *Id.* This occurred on or about January 31, 2018. *Id.*

According to the Complaint, on or about January 13, 2020, Defendant Cooley also pepper sprayed Plaintiff without any attempt to temper or warn because Plaintiff had kicked his door. *Id.* Plaintiff was not kicking the door at the time he was sprayed. *Id.*

For both pepper sprays, the Complaint alleges that Plaintiff was not a threat to the defendants or other inmates. *Id.* Plaintiff was behind a locked door when both defendants pepper sprayed him. *Id.* at ¶ 14. The Complaint is unclear when this occurred, but it also says Plaintiff was sprayed while handcuffed in a restraint chair and left without proper decontamination. *Id.* at ¶ 15. Defendants also laughed at Plaintiff after he was sprayed. *Id.* at ¶ 8. The Complaint further states that Defendant Hill was discharged as a result of improper conduct while employed by WVDOCR, but Defendant Cooley was not disciplined. *Id.* at ¶ 7.

Plaintiff brings the instant Complaint against Defendants WVDOCR, Hill, and Cooley for Battery (Count I); 42 U.S.C. § 1983 Excessive Force under the Eighth Amendment (Count II); and Reckless Violation of Legislative Rules (Count III). Defendant WVDOCR brought a Motion to Dismiss Amended Complaint on June 5, 2020, [ECF No. 6], which I will address now.

II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D.W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

III. Discussion

a) Count I, Battery

Though Plaintiff does not clarify in the Complaint, Plaintiff writes in his Response that his battery claim against WVDOCR arises from its vicarious liability

for its employees' conduct. Pl.'s Resp. [ECF No. 9] 1. However, Plaintiff provides no explanation or argument in his Response for why he thinks WVDOCR should be held vicariously liable for battery here. *Id.*

Although "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the *negligent* performance of acts by their employees while acting within the scope of employment," they are not liable "for any intentional malfeasance on the part of its employee." *Gilco v. Logan Cty. Comm'n*, No. CIV.A. 2:11-0032, 2012 WL 3580056, at *8 (S.D.W. Va. Aug. 17, 2012) (quoting *Mallamo v. Town of Rivesville*, 477 S.E.2d 525, 533 (W. Va. 1996)) (emphasis added).

Here, I find the battery claim based on Defendants Hill and Cooley's alleged unlawful use of pepper spray is an intentional act outside the scope of Hill and Cooley's employment. *See Kelly v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, No. 2:18-CV-01074, 2019 WL 1428694, at *3 (S.D.W. Va. Mar. 29, 2019) ("[T]he court finds that no reasonable factfinder could conclude that the purposeful and malicious attacks alleged in the plaintiff's complaint could serve the purpose of WVRJCFA."). Accordingly, I **GRANT** Defendant WVDOCR's Motion to Dismiss Count I's battery claim based on vicarious liability. *See Cordwell v. Widen*, No. 2:18-CV-00913, 2019 WL 3887547, at *2–4 (S.D.W. Va. Aug. 15, 2019) ("Accordingly, the Court DISMISSES any vicarious liability claims against the WVDOC that are premised on the intentional actions of any Defendant….").

4

b) **Count II, 42 U.S.C. § 1983 Excessive Force**

Again, though not clarified in the Complaint, Plaintiff writes in his Response that he "is not asserting a claim pursuant to 42 U.S.C. § 1983 against Defendant WVDOCR." Pl.'s Resp. [ECF No. 9] 1. Accordingly, I **DENY as MOOT** Defendant WVDOCR's Motion to Dismiss Count II.

c) **Count III, Reckless Violation of Legislative Rules**

Plaintiff's Complaint has alleged that Defendant WVDOCR recklessly violated legislative rules by failing to conduct the requisite background checks and psychological evaluations to determine Defendants' suitability for the position of correctional officer. Compl. [ECF No. 1-1] ¶ 19. Plaintiff also states that Defendants had recently been the subject of excessive force claims by another inmate, and, pursuant to policy, WVDOCR should have removed Defendants from contact with inmates until an investigation was completed. *Id.* at ¶ 20. Without naming a single rule, Plaintiff argues "Defendant WVDOC has strict rules to follow when hiring correctional personnel as set forth in the legislative rules." Compl. [ECF No. 1-1] ¶ 19. "Defendant's violation of policy proximately resulted in Plaintiff being attacked." *Id.* Defendant WVDOCR interprets the poorly worded claim for reckless violation of legislative rules as a state law claim for negligence. Def.'s Mem. Supp. Mot. Dismiss [ECF No. 6] 5. I, too, interpret Plaintiff's claim as a claim for negligence, specifically for negligent hiring and retention.

Under West Virginia law, courts consider the following in a claim for negligent hiring:

> When an employee was hired, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring an unfit person?

*Tomashek v. Raleigh Cty. Emergency Operating Ctr.*, 344 F. Supp. 3d 869, 877 (S.D.W. Va. 2018). The court must also consider "the nature of the employee's job assignment, duties, and responsibilities." *Id.* The duty with respect to hiring and retention increases "as risks to third persons associated with a particular job increase," such as with a police officer who is permitted to carry guns. *Id.*

"Under the doctrine of qualified immunity, the discretionary actions of government agencies, officials and employees performed in an official capacity are shielded from civil liability so long as the actions do not violate a clearly established law or constitutional duty." *W. Va. State Police v. Hughes*, 796 S.E.2d 193, 198 (W. Va. 2017). In West Virginia, "broad categories of duties such as training, supervision, and retention easily fall within the category of discretionary governmental functions that ordinarily entitle a defendant to qualified immunity." *W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 773 (W. Va. 2014) (internal citations removed). Barring a showing by Plaintiff that WVDOCR violated a "clearly established right or law" with respect to hiring or retention, Defendant WVDOCR is entitled to qualified immunity on claims involving these discretionary acts. *See id.*; *see also Cordwell*, 2019 WL 3887547, at *3.

To demonstrate a clearly established right was infringed upon, a plaintiff "must do more than allege that an abstract right has been violated. Instead, the plaintiff must make a 'particularized showing' that a 'reasonable official would understand that what he is doing violated that right' or that 'in the light of preexisting law the unlawfulness' of the action was 'apparent.'" *A.B.*, 766 S.E.2d at 776 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Here, Plaintiff summarily alleges that Defendant WVDOCR recklessly violated legislative rules, which—as I stated above—I am interpreting as a negligence claim, by failing "to conduct the requisite background checks and psychological evaluations to determine defendants' suitability for the position of CO" (correctional officer). Compl. [ECF No. 1-1] ¶ 19. Plaintiff fails to identify a single law or regulation in his Complaint that Defendant WVDOC has violated. *Compare Kelly v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, No. 2:18-CV-01074, 2019 WL 1428694, at *4 (S.D.W. Va. Mar. 29, 2019) (finding the plaintiff stated a sufficient claim for relief for negligent hiring, training, and supervision against the WVRJCFA where the plaintiff cited a specific state regulation in his complaint in connection with his allegations against the WVRJCFA), *with Cordwell*, 2019 WL 3887547, at *3 (finding plaintiffs failed to state a claim for negligent hiring, training, supervising, and retaining by the WVDOC for failing to do pre-hiring or post-hiring psychological testing of correctional officers where plaintiffs did "not identify any such law or regulation in their Amended Complaints") *and A.B.*, 766 S.E.2d at 774–75 ("[R]espondent has failed to identify a

7

single regulation which the WVRJCFA has violated as pertains to training, supervision, or retention….").

Though Plaintiff mentions C.S.R. §95-1-1 et seq. in his Response, he fails to specify this rule or any other legislative rule which he claims was violated in the Complaint itself. *See* Pl.'s Resp. [ECF No. 9] 3; *see also Cordwell*, 2019 WL 3887547, at *3 ("In response, Plaintiffs direct the Court to the United States Constitution; Article III, Section 5 of the West Virginia Constitution,…and several WVDOC policy directives regarding hiring, training, and oversight….However, none of these are cited in the Amended Complaints."); *A.B.*, 766 S.E.2d at 774–75 ("The Court takes the pleadings and record as it finds them."). Even if C.S.R. §95-1-1 et seq. had been cited in the Complaint, Plaintiff does not allege any factual connection between WVDOCR's alleged negligence and this regulation. *See Cordwell*, 2019 WL 3887547, at *3 ("Further, Plaintiffs do not make any particularized showing how this alleged failure to do testing led to the alleged violations by the Supervisory Defendants.").

Nor has Plaintiff alleged with any particularity how Defendant WVDOCR was negligent "other than the above mentioned alleged failure to do psychological testing," *see id.,* and the alleged failure to remove defendants in violation of policy. Although I find it concerning that Plaintiff alleges "defendants had recently been the subject of excessive force claims by another inmate," Plaintiff's conclusory allegations again fail to name a specific policy violation and fail to allege any specific or particularized facts as to the alleged excessive force claims.

Notably, there's a difference between whether the defendant correctional

8

officers violated a clearly established law and whether Defendant WVDOCR violated a clearly established law in its negligent hiring and retention. The Fourth Circuit has found that pepper spraying an inmate can violate the Eighth Amendment and is clearly established. *See Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008); *Murray v. Lilly*, 426 F. Supp. 3d 245, 255 (S.D.W. Va. 2019). However, Plaintiff here must demonstrate that Defendant WVDOCR violated a "clearly established" right or law with respect to its hiring and retention. *See A.B.*, 766 S.E.2d at 774–75 ("[T]here is no question that *D.H.* allegedly violated all manner of clearly established rights—constitutional and otherwise—it is not his conduct which is the focus of this aspect of the appeal."). Because Plaintiff did not identify a single, specific law or regulation violated by Defendant WVDOCR, Plaintiff cannot make a "particularized showing" that WVDOCR violated a clearly established right. *See id.*; *see also Searls v. W. Virginia Reg'l Jail*, No. CV 3:15-9133, 2016 WL 4698547, at *4 (S.D.W. Va. Sept. 7, 2016) ("Here, as it was in *A.B.*, Plaintiff's claim attacks a discretionary function and has not alleged that the Authority has violated any clearly established statutory or constitutional right. Thus, the Authority is entitled to immunity from Plaintiff's negligence claim.").

Accordingly, Defendant WVDOCR's Motion to Dismiss Count III's Reckless Violation of Legislative Rules is **GRANTED**.

### IV. Conclusion

For the reasons stated herein, Defendant WVDOCR's Motion to Dismiss, [ECF No. 5], is **GRANTED in part and DENIED in part**. Counts I and III are **GRANTED**.

Count II is **DENIED as MOOT**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                    ENTER:     June 25, 2020

                                    JOSEPH R. GOODWIN
                                  UNITED STATES DISTRICT JUDGE